UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-10-JGB (KKx)** | Date: | November 20, 2019 |
|---|---|---|---|

Title: *Karina Nunez v. Keurig Dr. Pepper, Inc., et al.*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Granting Defendants' Motion to Compel Mental Examination of Plaintiff Karina Nunez [Dkt. 31]

On October 30, 2019, Defendants Keurig Dr. Pepper, Inc. ("KDP") and Motts, LLP ("Motts") (collectively, "Defendants") filed a Motion to Compel ("Motion") seeking to compel a mental examination of Plaintiff Karina Nunez ("Plaintiff"). Dkt. 31. The parties filed a Joint Stipulation pursuant to Local Rule 37-2 setting forth their positions. Dkt. 32. Defendants argue Plaintiff has put her mental health "in controversy" and there is good cause for the mental examination. Plaintiff argues she is seeking only "garden variety" emotional damages and a mental examination is, therefore, not warranted. For the reasons set forth below, Defendants' Motion is GRANTED.

## I.
## BACKGROUND

On November 29, 2018, Plaintiff initiated this lawsuit in San Bernardino County Superior Court against Defendant KDP alleging causes of action for (1) Retaliation (Labor Code § 1102.5); (2) Wrongful Termination in Violation of Public Policy; (3) Sexual Harassment (Gov. Code § 12940(j)); and (4) Failure to Prevent Sexual Harassment (Gov. Code §12940(k)). ECF Docket No. ("Dkt.") 4-1. On January 2, 2019, defendant KDP removed the action to this Court. Dkt. 1.

On January 22, 2019, defendant KDP propounded initial written discovery on Plaintiff. Dkt. 31-1 at 3-5, Declaration of Amber L. Roller ("Roller Decl."), ¶ 2. On February 20, 2019, Plaintiff served verified responses to Defendant KDP. Id. In her responses to Interrogatories Nos. 16 and 17, Plaintiff states she is seeking approximately $61,022.00 in past and future lost wages and $200,000.00 in emotional distress damages. Id., Ex. 1.

On March 15, 2019, Plaintiff filed a First Amended Complaint ("FAC") against both Defendants alleging the same causes of action. Dkt. 16. Plaintiff alleges she was unlawfully terminated by Defendants from her employment for reporting sexual harassment. Id., ¶¶ 10-25. Plaintiff alleges, "The unlawful harassment and termination caused Plaintiff mental and emotional distress including anxiety, stress, depression, shame, embarrassment, and humiliation." Id., ¶ 24. Plaintiff alleges her "damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort." Id., ¶ 32. In addition, Plaintiff alleges "[a]s a direct, foreseeable, and proximate result of Defendants' acts, Plaintiff . . . has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court." Id., ¶¶ 38, 43, 50.

On April 5, 2019, Defendants filed an Answer to the FAC. Dkt. 20.

On April 15, 2019, the Court issued a Civil Trial Scheduling Order setting a fact discovery cut-off date of December 2, 2019. Dkt. 21.

On September 26, 2019, Defendants deposed Plaintiff. Roller Decl., ¶ 3, Ex. 2 (excerpts from Plaintiff's deposition). At her deposition, Plaintiff disclosed that, in June 2019, she sought counseling for emotional distress she attributed to Defendants' alleged wrongful conduct and the recent deaths of her brother-in-law and god-daughter. Id., Ex. 2 at depo. 130:8-20, 132:22-134:7; 136:17-25. Plaintiff explained the doctor she saw in June 2019 was her first and only visit to a doctor for mental health issues and she did not attend the therapy he recommended. Dkt. 31-7, Declaration of Mitchell J. Murray ("Murray Decl."), ¶ 2, Ex. 1 (excerpts from Plaintiff's deposition) at 131:9-22. Plaintiff stated her depression began about a month after her termination and stated she was "more depressed" at the time of her deposition. Roller Decl., Ex. 2 at depo. 139:15-21.

On October 9, 2019, Defendants' counsel requested that Plaintiff stipulate to a mental examination. Roller Decl., ¶ 4. On October 15, 2019, Plaintiff's counsel sent Defendants' counsel an email stating Plaintiff would not stipulate to a mental examination. Id., Ex. 3.

On October 28, 2019, the Court granted the parties' stipulation to continue the expert discovery cut-off to January 31, 2020. Dkt. 30.

On October 30, 2019, Defendants filed the instant Motion seeking to compel a mental examination of Plaintiff along with a Joint Stipulation pursuant to Local Rule 37-2 setting forth the parties' respective positions. Dkt. 31, Mot.; Dkt. 32, JS. Defendants seek to have Plaintiff examined by Dr. Judy Ho, a licensed psychologist,[1] and that the examination consist of "a detailed clinical interview and mental status examination, a review of medical records, and the administration of

---

[1] Dr. Ho's resume is attached as Exhibit 5 to the Roller declaration. Dr. Ho holds the following licenses and board certifications: California Board of Psychology, Clinical Psychologist, License Number 22809; American Board of Professional Psychology, Board Certified in Clinical Child and Adolescent Psychology; American Board of Pediatric Neuropsychology, Board Certified Pediatric Neuropsychologist; National Board of Forensic Evaluators, Board Certified Forensic Mental Health Evaluator. The Court also notes Plaintiff does not object to Dr. Ho conducting the examination; rather, Plaintiff objects to any mental examination.

appropriate generally accepted standardized psychological testing and screening cognitive assessments." JS at 6. Neither party filed any supplemental briefing. The matter thus stands submitted.

## II.
## DISCUSSION

### A. APPLICABLE LAW

The Federal Rules of Civil Procedure ("Rules") require the Rules "be construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 26(b) provides parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 35 permits a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "One of the purposes of Rule 35 is to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Cal. 1995); see also Perona v. Time Warner Cable Inc., No. EDCV 14-2501-MWF (SPx), 2016 WL 9051867, at *4 (C.D. Cal. May 5, 2016). Under Rule 35, the party moving for a physical or mental examination must meet two requirements: (1) the physical or mental condition of the party must be "in controversy"; and (2) "good cause" for the examination must be established. Ragge, 165 F.R.D. at 608 (citing Schlagenhauf v. Holder, 379 U.S. 104, 117-20, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964)).

An emotional distress claim can put a person's mental condition "in controversy" when accompanied by one or more of the following: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy.'" Buffington v. Nestle Healthcare Nutrition Inc., No. SACV-18-00106-JVS (JDEx), 2019 WL 3063516, at *1 (C.D. Cal. Apr. 18, 2019) (citing Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). "[A] claim of 'garden-variety' emotional distress is not sufficient to place a

party's mental state at issue." Elmansoury v. City of Garden Grove, No. SACV 17-01269-DOC (DFMx), 2019 WL 2871159, at *1 (C.D. Cal. Mar. 26, 2019) (citing McMillan v. Valley Rubber & Gasket Co., No. 14-1359, 2017 WL 3383120, at *13 (E.D. Cal. Aug. 7, 2017)). "Garden variety emotional distress is ordinary or commonplace emotional distress that is simple and usual or incidental." Diunugala v. Dep't of Conservation, No. CV 16-03530-DSF (JEMx), 2018 WL 6137595, at *1 (C.D. Cal. Jan. 31, 2018); see also Houghton v. M&F Fishing, Inc., 198 F.R.D. 666, 669 (S.D. Cal. 2001) (garden variety emotional distress is "normally associated with or attendant to" the injury).

The following factors are relevant to showing "good cause" for a mental examination: "(1) the possibility of obtaining desired information by other means, (2) whether plaintiff intends to prove his claim through testimony of expert witnesses, (3) whether the desired materials are relevant, and (4) whether plaintiff is claiming ongoing emotional distress." Elmansoury, 2019 WL 2871159, at *2 (citing Hernandez v. Simpson, No. 13-2296, 2014 WL 4090513, at *2 (C.D. Cal. Aug. 18, 2014)). "And regardless of the outcome of the 'good cause' inquiry, the Court has discretion to determine whether to order an examination." See id.

"Each motion to compel a mental examination must be decided on a case by case basis, under all the relevant circumstances." Ragge, 165 F.R.D. at 608. Finally, "although the Court is not required to accept defendants' proposed examiner as the examining psychologist, only if plaintiff raises a valid objection will the Court appoint a different examiner." Id. at 609.

**B.    ANALYSIS**

Here, Plaintiff has put her mental health in controversy by alleging a specific mental or psychiatric injury or disorder and a claim of unusually severe emotional distress. In the FAC, Plaintiff alleges her "damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, **severe** mental and emotional distress and discomfort." Dkt. 16, ¶ 32 (emphasis added). In addition, Plaintiff represents in her Interrogatory responses that she is seeking $200,000 in emotional distress damages, which represents approximately 75% of the total alleged damages sought. Roller Decl., Ex. 1. Further, while Plaintiff only sought mental health treatment on one occasion, the doctor diagnosed her with depression and referred her to further therapy. Plaintiff has, therefore, alleged more than "garden variety" emotional distress and placed her mental health in controversy. See Brill v. Napolitano, No. CV 09-0421-PSG (RCx), 2010 WL 11509081, at *2 (C.D. Cal. Apr. 26, 2010) (Rule 35 mental examination ordered where treating psychiatrist diagnosed plaintiff with acute post-traumatic stress disorder and depression, complaint alleges severe emotional distress, and interrogatory responses asserted depression).

Additionally, there is good cause for the mental examination because (a) Plaintiff is claiming ongoing emotional distress; and (b) the information sought from a mental examination is not available by other means. First, in the FAC, Plaintiff alleges she "**continues to suffer** humiliation, embarrassment, mental and emotional distress, and discomfort," dkt. 16, ¶¶ 38, 43, 50 (emphasis added), and at her deposition, Plaintiff testified she was experiencing "more depression" over time, Roller Decl., Ex. 2 at depo. 139:15-21. Second, the information regarding Plaintiff's current mental health is not available from any other source and the Court is unpersuaded by Plaintiff's argument that Plaintiff has not objected to providing her medical records. Elmansoury, 2019 WL 2871159, at *2 (finding good cause for Rule 35 examination and noting "the Court is unpersuaded by Plaintiff's argument that Defendants' access to Plaintiff's medical records and the depositions of Plaintiff and

[his treating psychiatrist] are sufficient"). Moreover, Plaintiff testified at her deposition that the deaths of her brother-in-law and god-daughter "bundled up" with the allegedly wrongful termination led her to see a doctor to seek counseling for depression and anxiety. Id., Ex. 2 at depo. 130:8-20, 132:22-134:7; 136:17-25. Accordingly, there is now a question regarding what portion of Plaintiff's depression is attributable to Defendants' alleged wrongful conduct and what portion is attributable to Plaintiff's other life circumstances. There is no other available means for Defendants to determine the extent of Plaintiff's injuries attributable to Defendants' alleged wrongful conduct. Hence, there is good cause for a Rule 35 examination.

## III.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. A physical examination of Plaintiff Karina Nunez shall be conducted by Dr. Judy Ho at her office located at 1600 Rosecrans Avenue, Media Center 4th Floor, Manhattan Beach, California 90266, beginning at 9:00 a.m. on the first date mutually available to Plaintiff and Dr. Ho, but no later than December 18, 2019.

2. At the time of said examination, Plaintiff shall answer all proper questions and inquiries submitted to her by Dr. Ho, including her history and prior and other mental injuries for the purpose of making a proper diagnosis of Plaintiff's conditions and shall in all ways cooperate with Dr. Ho.

3. The examination may consist of a detailed clinical interview and mental status examination, a review of medical records, and the administration of appropriate generally accepted standardized psychological testing and screening cognitive assessments.

4. Defendants shall bear the costs of such examination.

5. The mental examination will involve no physical examination and involve no blood tests or otherwise intrusive medical studies or procedures.

6. The examination will not exceed 8 hours in length. Plaintiff may not engage in any behavior or take any action that prevents the time from being used effectively.